# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:14-cv397-FDW

| | |
|---|---|
| **DEREK WEST WARD,** | ) |
| | ) |
|       **Petitioner,** | ) |
| | ) |
| vs. | )    **ORDER** |
| | ) |
| **STATE OF NORTH CAROLINA,** | ) |
| | ) |
|       **Respondent.** | ) |

**THIS MATTER** comes before the Court on Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus, (Doc. No. 1), and on Respondent's Motion to Dismiss, (Doc. No. 4). For the following reasons, Respondent's motion to dismiss will be granted, and the petition will be dismissed without prejudice for failure to exhaust state remedies.

### I.    BACKGROUND

Pro se Petitioner Derek West Ward is a pre-trial detainee, having been charged on May 25, 2010, with first-degree rape and first-degree murder in Mecklenburg County, North Carolina. After being indicted, but before a trial commenced against him, Petitioner was involuntarily committed due to mental illness, and he is currently being held at Central Prison in Raleigh, North Carolina.

Petitioner placed the instant petition in the prison mail system on or around June 17, 2014, and it was stamp-filed in this Court on July 21, 2014. Petitioner contends that he is being unlawfully detained in violation of his due process rights. Petitioner alleges in the petition that he has been cleared as a suspect in the pending charges but the State has not yet dismissed the charges. However, the Court notes that the rape and murder charges are, in fact, still pending

1

against Petitioner. On December 12, 2013, Petitioner filed a previous petition for writ of habeas corpus, raising the same claims he raises here. (Civil No. 3:13cv673 (W.D.N.C.)). By order dated December 13, 2013, this Court dismissed the petition without prejudice, finding that Petitioner had not shown that he had exhausted state remedies before filing the petition. (Id., Doc. No. 2).

On August 13, 2014, Respondent filed the pending motion to dismiss. (Doc. No. 4). On August 15, 2014, this Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), granting Petitioner fourteen days to respond to the motion to dismiss. (Doc. No. 6). On August 22, 2014, Petitioner filed a response to the motion to dismiss in the form of a letter to the Court.[1] (Doc. No. 7).

## II. STANDARD OF REVIEW

The Court is guided by Rule 4 of the Rules Governing Section 2254 Cases, which directs habeas courts to examine habeas petitions promptly. Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the petition. Id.

## III. DISCUSSION

In support of its motion to dismiss, Respondent has set forth a detailed procedural history, which shows that, while the rape and murder charges have been pending against Petitioner, Petitioner has been involuntarily committed based on serious mental health issues at both Broughton Hospital and Central Regional Hospital. On March 25, 2013, Petitioner's case was heard in Mecklenburg County Superior Court upon the State's motion for a safekeeping order. (Doc. No. 5-27: Ex. 26). The state trial court recited the history of the case, noting that neither

---

[1] Petitioner's letter response is mostly nonsensical and some of his statements are delusional.

Broughton Hospital nor Central Regional Hospital would accept Petitioner because of his prior acts of violence towards staff and that Petitioner was scheduled to be discharged from Central Prison's Mental Health Hospital. (Id.). The state court, therefore, concluded that Petitioner met the criteria for safekeeping at Central Prison pursuant to N.C. GEN. STAT. § 162-39(b)(2) and (6) and ordered that he be kept at Central Prison. (Id.). Later that same day, the trial court entered an order clarifying the prior order, stating that neither Central Prison nor the Central Prison Mental Health Unit was to discharge or relocate Petitioner until after the parties received notice and an opportunity to be heard. (Doc. No. 5-28: Ex. 27).

Petitioner's case once again was reviewed on May 13, 2013, upon a motion of the State, to which Petitioner did not object, for another forensic competency evaluation while Petitioner was being held under the safekeeping order at Central Prison. (Doc. No. 5-29: Ex. 28). The trial court noted that Petitioner "has been at various state operated psychiatric facilities for treatment over the past year" and "refuses treatment[] and threatens violence to those who would attempt to force medications upon him." (Id.). The trial court concluded that "[b]oth the defendant and the State of North Carolina have an important interest in bringing these charges to trial" and that since Petitioner "has not been assessed for competency recently, the next appropriate step is to secure an evaluation of his current capacity." (Id.). The court thereupon ordered that Petitioner was to be examined at Central Prison by Dr. Mark Hazelrigg and that Dr. Hazelrigg would be permitted to observe and interview Petitioner at his cell if Petitioner refused to cooperate with being removed from his cell for purposes of the evaluation. (Id.). In its motion to dismiss, Respondent has informed the Court that a review hearing was scheduled to be heard on August 21, 2014.

Based on the representations of Respondent in the motion to dismiss, it is apparent that

Petitioner has not exhausted his state remedies. See Baldwin v. Reese, 541 U.S. 27, 29 (2004) (stating that exhaustion under 28 U.S.C. § 2254(b)(1)(A) requires that the petitioner give the state courts an opportunity to review his allegations of error before seeking relief in the federal court) (citing Duncan v. Henry, 513 U.S. 364, 365 (1995)). The Court will, therefore, dismiss this action without prejudice to Petitioner to first exhaust his state remedies before bringing this action.

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the § 2254 petition without prejudice for failure to exhaust state remedies.[2]

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's § 2254 motion, (Doc. No. 1), is **DENIED** and the petition is **DISMISSED** without prejudice.

2. Respondent's Motion to Dismiss, (Doc. No. 4), is **GRANTED**.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must

---

[2] As the Court noted on initial review, the petition is more properly brought under § 2241, because Petitioner is a pre-trial detainee and, as such, he is not challenging custody pursuant to the judgment of a state court.

establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

Signed: August 29, 2014

Frank D. Whitney
Chief United States District Judge